H. P. LAMBERT CO. *v.* UNITED STATES

**No. 5103.**—Invoices dated Buenos Aires, Argentina, December 19, 1938, etc.
Entered at Boston, Mass., January 9, 1939, etc.
Entry Nos. 7556, etc.

(Decided January 23, 1941)

*Joseph F. Lockett* for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Francis X. O'Donnell*, special attorney), for the defendant.

BROWN, Judge: These eight consolidated reappraisement cases cover importations of canned dog food in two different sizes from Buenos Aires, Argentina.

Some were packed in cartons 48 cans to the case and some were packed in cartons 24 cans to the case. They were shipped during the period from about December 1, 1938, to approximately February 4, 1939.

Mr. Sidney Davidson, the very intelligent and experienced officer of the importing company and a very frank spoken and clear cut witness, testified (Rec. p. 16) that his concern bought the merchandise involved for $1.75 per case of 48; .87½ cents for a case of 24. Both prices c. i. f. Boston, New York, or Philadelphia, which prices included the packing.

And these were the prices which were actually paid for the goods after full negotiation and dickering and without agreeing to buy an especially large quantity or any contract of agency and without any other special feature or agreement of any kind which would tend to restrict the market thus made. Under this open agreement fairly large quantities were ordered.

The examiner's theory of advance seems to be based largely upon the fact that some of the shipments were invoiced f. o. b. by mistake instead of c. i. f. American port, causing him to add back the ocean freight as if dutiable. These invoices were shown to be clearly an accident and they did not correspond to the amounts of the actual prices paid c. i. f. and were contrary to the private invoices on which the actual payments were made.

There is a very full affidavit in evidence which shows there is no home-market value but corroborates strongly the importer's entries based on export value and shows that anyone could have bought for export to America on the same basis and at the same prices at which the importer bought the goods.

There is also a consular report put in by the Government. It can hardly be said to negative the importer's position but, on the whole, rather tends to support it.

It seems clear that in business circumstances such as arise here and on the basis of common sense principles Congress intended the freely negotiated purchase price to govern as export value for dutiable purposes, there being no foreign value for home consumption.

We therefore find as facts herein (1) that there is no foreign-market value; (2) that the export value is the price the importer actually paid c. i. f., American port, on which basis the goods were entered.

It would be going far afield in the circumstances of this record to lug in the arbitrary, substituted values called "United States value" and "cost of production" which are never to be used except as a dernier resort when all sales, etc., for export and home consumption are completely lacking.

It follows from the above as a conclusion of law that judgment should and will issue sustaining the entered values.